SAMUEL, Judge.
Plaintiff, a civil service employee, appeals from a ruling of the Civil Service Commission of the City of New Orleans approving his dismissal by the Sewerage and Water Board. The parties jointly stipulated: “Lester H. Thorne, appellant herein, maintains that he is unable to perform his job with the Sewerage and Water Board of New Orleans due to his permanent disability, which permanent disability resulted from a job-related injury received by Lester H. Thorne on February 9, 1976, while he was employed by, and while he was acting within the scope of his employment with, the Sewerage and Water Board of New Orleans; and that the Civil Service Commission in its decision did, in fact, find that Lester H. Thorne was unable to perform his job due to his disability;[1] and ... the sole question of law presented by this appeal is: Under the laws and rules pertaining to the Civil Service Commission, does the appointing authority, in this case, the Sewerage and Water Board of New Orleans, have a legal right to terminate Lester H. Thorne’s employment under the circumstances presented by the above stated facts?”[2]
*871 Appellant contends the Sewerage and Water Board cannot dismiss a civil service employee who is unable to perform the duties of his job, if such disability is caused or aggravated by a job connected accident. He relies on the case of Brouillette v. Sewerage & Water Bd., La.App., 367 So.2d 9, which involved a civil service employee of the Board who was demoted because he was unable to perform his duties. Brouillette does not support appellant’s contention. The holding in that case is only that a civil service employee who is unable to safely perform his job for medical reasons not caused or aggravated by a job-connected accident may be demoted by the appointing authority. The question of whether such action could be taken if the disability was caused or aggravated by a job-connected accident was not before the Brouillette court.
We find Rule IX, Section 1.1 of the Civil Service Commission is controlling. It reads as follows:
“1.1 When any regular employee in the classified service is unable or unwilling to perform the duties of his position in a satisfactory manner or has committed any act to the prejudice of the service, or has omitted to perform any act that it was his duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may extend to (1) removal from the service, (2) retirement, (3) reduction in pay to the next lower rate in the range for the class, (4) demotion to any position of a lower class that the employee is deemed by the appointing authority and the Director to be competent to fill, (5) suspension without pay not exceeding in the aggregate one hundred twenty (120) days in any period of twelve (12) consecutive calendar months, (6) fine.” (Emphasis ours).
The Sewerage and Water Board of New Orleans is responsible for the maintenance and upkeep of the public water, sewerage and drainage systems of the City of New Orleans. That responsibility cannot be met without the services of personnel who are able to perform their job functions. Here, plaintiff admits he is totally unable to perform the work required by his job with the defendant. In our view his exclusive rights as against the defendant on account of his job-related injuries are under the Louisiana Workmen’s Compensation Act, particularly LSA-R.S. 23:1032, which provides:
“The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, ...” LSA-R.S. 23:1032.
For the reasons assigned, the ruling appealed from is affirmed.

Affirmed.

. Plaintiff was involved in an automobile accident while on Sewerage and Water Board business and was paid compensation benefits until shortly before his discharge. He filed a tort suit against the other driver, that driver’s employer and its insurer, in which the Sewerage and Water Board intervened. Judgment was rendered against the defendants, and plaintiff and the Sewerage and Water Board compromised and settled plaintiffs workmen’s compensation claim against the Sewerage and Water Board.

. The parties waived production and filing of the Civil Service transcript, relying exclusively on the stipulation.